## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFSTAR CORPORATION, | ) | |
| Plaintiff, | ) ) ) | Case No. 09-CV-3867 |
| v. | ) ) | Hon. Legrome D. Davis |
| AJINOMOTO COMPANY, ET AL., | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF APPEAL

## INTRODUCTION

Almost a year and a half ago, this Court granted summary judgment to the defendants in *In re Aspartame Antitrust Litigation*, ruling that the plaintiffs' claims in that action were barred by the applicable statute of limitations and that plaintiffs had not met their burden of proving fraudulent concealment. After losing their motion for reconsideration, the *Aspartame* plaintiffs appealed to the Court of Appeals for the Third Circuit. A year later, while that appeal remained pending, a new putative class plaintiff (represented by the same counsel who represent the *Aspartame* plaintiffs) filed the instant action, alleging the very same purported conspiracy against virtually the same defendants.[1] Now, despite the pendency of an appeal that will address a critical issue in this case—namely, the viability of any claim of fraudulent concealment—plaintiff is pushing to move forward with the *Cliffstar* case and thereby force these defendants (and the Court) to again invest substantial time, money, and effort in litigating duplicative claims.[2]

---

[1] Plaintiff also has named as defendants Koninklijke DSM N.V. and Tosoh Corporation—the joint venture parent companies of Holland Sweetener Company V.O.F. and Holland Sweetener North America, Inc. (both of whom ceased operations in 2006)—despite the fact that neither company manufactured aspartame or sold or distributed it in the U.S. during the relevant period. Similarly, although plaintiff has used different corporate names for two of the Ajinomoto entities (Ajinomoto Sweeteners Europe S.A.S. is the successor to Ajinomoto Euro-Aspartame S.A. and Ajinomoto Switzerland A.G. is the successor to NutraSweet A.G.), the practical effect is that plaintiff has named the same five Ajinomoto entities in its complaint as were named in the *Aspartame* complaint.

[2] As the *Aspartame* defendants' costs petitions indicate, this is no small undertaking. *See* The NutraSweet Company's Bill of Costs and Incorporated Memorandum in Support, filed Feb. 17, 2009 (Dkt. 198) (seeking $215,540.53 in reimbursable costs, exclusive of attorneys' fees); Holland Sweetener Company V.O.F.'s and Holland Sweetener North America, Inc.'s Bill of Costs and Incorporated Memorandum in Support, filed Feb. 17, 2009 (Dkt. 197) (seeking $195,398.82 in reimbursable costs, exclusive of attorneys' fees); Ajinomoto Co. Inc., Ajinomoto Food Ingredients LLC, Ajinomoto Sweeteners Europe S.A.S., and Ajinomoto Switzerland A.G.'s Bill of Costs and Incorporated Memorandum in Support, filed February 17, 2009 (Dkt. 195) (seeking $165,120.73 in reimbursable costs, exclusive of attorneys' fees).

Although defendants want to resolve the instant case expeditiously, it simply does not make sense for the parties and the Court to expend the enormous resources necessary to address the *Cliffstar* action while the *Aspartame* appeal is pending. This is especially true given that plaintiff will suffer no harm if a stay issues. Plaintiff does not seek injunctive relief, and the purported conspiracy ended nearly a decade ago. Accordingly, this Court should stay the *Cliffstar* proceedings pending resolution of *Aspartame*.

## FACTUAL BACKGROUND

On or about April 25, 2006, various plaintiffs filed a series of putative class action complaints alleging that certain current and former manufacturers of aspartame, an artificial sweetener, had engaged in a "worldwide, horizontal antitrust conspiracy with the purpose of allocating the market for Aspartame and setting an artificially high price for the sweetener in violation of Section 1 of the Sherman Antitrust Act." August 11, 2008 Order, *In re Aspartame Antitrust Litigation*, Case No. 2:06-CV-1732 ("Aug. 11 Order") (Dkt. 178), at 1-2. Those cases were consolidated before this Court as *In re Aspartame Antitrust Litigation*, Case No. 2:06-CV-1732.

On August 11, 2008, this Court granted the *Aspartame* defendants' motion for summary judgment, finding that (a) the four-year statute of limitations on the plaintiffs' claims had run, and (b) plaintiffs were not entitled to the tolling of the statute of limitations under the doctrine of fraudulent concealment. Specifically, the Court found that:

- plaintiffs' perception of both allegedly inflated aspartame prices and lack of meaningful competition among the aspartame producers during the relevant period,

- the existence of a 1993 Harvard Business School Study entitled "Bitter Competition: The Holland Sweetener Company versus NutraSweet" (the "Harvard Study") (from which many of the *Aspartame* plaintiffs' allegations were derived), and

- the filing of several anti-dumping complaints by Holland Sweetener Company V.O.F. against NutraSweet and Ajinomoto in Europe and NutraSweet in Canada in the early 1990's (the "HSC Anti-Dumping Complaints")

were sufficient "storm warnings" to trigger plaintiffs' due diligence obligations. Aug. 11 Order at 12-13. And, having "taken no steps or actions to investigate their claims" in the wake of those events, plaintiffs were precluded from invoking the equitable doctrine of fraudulent concealment. *Id.* at 13. The Court went on to find that the absence of any allegations (or evidence) of when plaintiffs first became aware of the existence of their claims—a critical element in a statute of limitations/fraudulent concealment analysis—was a "fundamental flaw" in plaintiffs' case.

Plaintiffs sought reconsideration of that ruling, and subsequently notified the Court of their intent to submit "newly discovered evidence" supporting their allegations of fraudulent concealment. *See* Letter from D. Nast to the Hon. Legrome D. Davis, dated Oct. 21, 2008 (attached as Ex. A). Apparently realizing that whatever they had recently "discovered" could not save their fraudulent concealment claims, however, plaintiffs never submitted any additional evidence and this Court ultimately denied the motion for reconsideration. *See* Order, dated Jan. 21, 2009 (*Aspartame* Dkt. 194). On February 19, 2009, the *Aspartame* plaintiffs filed a notice of appeal with the Third Circuit. *See Aspartame* Dkt. 199. That appeal remains pending.

Which brings us to the present action. On August 25, 2009, more than a year after this Court granted the *Aspartame* defendants' summary judgment motion, the same counsel who represent the plaintiffs in the *Aspartame* litigation filed the instant complaint. Like the *Aspartame* complaint, the plaintiff here alleges a "worldwide" conspiracy among defendants to "allocate" the Aspartame "market" and "artificially raise, fix, maintain, and/or stabilize the prices of aspartame … in violation of Section 1 of the Sherman Act." Compl. ¶¶ 77-78. Indeed,

the bulk of the *Cliffstar* complaint is identical to the *Aspartame* complaint.[3] But, in an obvious attempt to plead around their summary judgment loss in the *Aspartame* case, plaintiff's counsel here omitted any reference to the Holland Sweetener Defendants' early 1990's complaints against NutraSweet and Ajinomoto and removed all allegations that had previously been taken almost verbatim from the 1993 Harvard Study. *See, e.g.*, *Aspartame* Compl. ¶¶ 45, 53 (stricken from *Cliffstar* complaint). In their place, plaintiff makes a series of new allegations about the defendants' alleged conspiratorial conduct and claims that this "substantial additional evidence" addresses any "deficiency" in plaintiff's fraudulent concealment argument. *Cliffstar* Compl. ¶ 1.

## ARGUMENT

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, counsel, and the litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Cirulli v. Bausch & Lomb, Inc.*, No. 08-4579, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009) (Stengel, J.) (same) (quoting *Cheney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983) (quoting *Landis*)); *Chartener v. Provident Mut. Life Ins. Co.*, No. 02-8045, 2003 WL 22518526, at *1 (E.D. Pa. Oct. 22, 2003) (Baylson, J.) ("A district court has broad discretionary power to stay proceedings."). Exercising that power, courts—in this district and elsewhere—routinely stay actions pending resolution of appeals in similar or related actions. *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-2929, 2004 WL 1615307 (E.D. Pa. July 16, 2004) (Surrick, J.) (granting a temporary stay of proceedings pending resolution of appeal of issues that would potentially be dispositive in the later-filed case); *Fagan v. Republic of Austria*, No. 08-

---

[3] Plaintiff's counsel acknowledged as much in letters to defense counsel dated December 14, 2009, saying that "the *Cliffstar* complaint involves many of the same claims, facts, issues, parties and attorneys as the still pending *In re Aspartame Antitrust Litig.*, matter." *See* Ex. B (attached).

6715, 2009 WL 1423338 (S.D.N.Y. May 19, 2009) (granting a stay pending resolution of appeal where a "number of claims in the complaint are intimately connected to claims currently on appeal"); *Carroll v. Willson McColl & Rasmussen*, No. 08-22, 2009 WL 315610 (D. Idaho Feb. 9, 2009) (granting stay of later-filed proceedings pending appeal of summary judgment decision in related action); *Asis Internet Servs. v. Member Source Media, LLC*, No. 08-1321, 2008 WL 4164822 (N.D. Cal. Sept. 8, 2008) (granting stay of later-filed action pending resolution of appeal of a controlling issue of law). This case should be no different.[4]

In deciding whether to grant a stay pending appeal (or any other related action), courts generally consider three factors: (1) the promotion of judicial economy; (2) the balance of the harm to the parties; and (3) the duration of the requested stay. *Cirulli,* 2009 WL 545572, at *2. Here, all three factors weigh heavily in favor of a stay.

*First*, this Court's interest in judicial economy is clearly served by staying this action until the *Aspartame* appeal is resolved as a ruling in that appeal could significantly streamline this case, and even potentially dispose of it. *SmithKline*, 2004 WL 1615307, at *7 (stay is appropriate where resolution of appeal will simplify and/or resolve issues in the trial court). On

---

[4] Although defendants will reserve their arguments in favor of dismissal until such time as they are required to respond to plaintiff's complaint (by stipulation defendants' response date is currently February 26, 2010), defendants note that in addition to the discretion to stay the instant action pending resolution of the *Aspartame* appeal, it may be that the Court also can dismiss the instant action under the "prior pending action doctrine." *Berger v. Weinstein*, No. 08-4059, 2008 WL 4858318, at * 2 (E.D. Pa. Nov. 10, 2008) ("'For an action to be deemed duplicative [and therefore subject to dismissal], there must be the same parties, or at least such as represent the same interest; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts; and the essential basis of the relief sought must be the same.'") (quoting *Tara M. v. City of Phila.*, No. 97-1041, 1998 WL 464910, at *2 (E.D. Pa. Aug. 6, 1998)). Here, plaintiff claims to represent a subset of the class purportedly represented by the plaintiffs in the *Aspartame* case (a class that includes Cliffstar). In both cases, the defendants are virtually the same, the same rights have been asserted, the same relief prayed for, the same counsel represent all plaintiffs, and, as noted above, the complaints are virtually identical. As the Third Circuit has made clear, "[a plaintiff] ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).

appeal, the Third Circuit will address this Court's August 11 ruling on the issue of fraudulent concealment. Specifically, the appellate court is expected to address whether this Court erred when it found that purported high prices and a purported absence of meaningful competition—both of which have also been alleged in the *Cliffstar* complaint—"provide[d] some warning to plaintiffs of the possible existence of their claims." Aug. 11 Order at 12. Likewise, the appellate court will consider whether the 1993 Harvard Study and the HSC Anti-Dumping Complaints—both of which were in the public domain and therefore not exclusively known by the *Aspartame* plaintiffs[5]—were sufficient "storm warnings" to trigger plaintiffs' duty to investigate their claims. Aug. 11 Order at 12-13. If the Court of Appeals affirms these findings, plaintiff here will be hard-pressed to argue that it, too, should not have been on notice of, and thus begun investigating, its potential claims back in the early 1990's when that information became available. Such a decision would prune away many, if not all, of the class claims in this case, allowing the parties and the Court to focus on what, if anything, is left to be decided. Should the Third Circuit reverse this Court's decision, this Court would be faced with two class actions making the same allegations against virtually the same defendants and seeking to represent the same group of plaintiffs. Staying the instant action until such time as the two cases can proceed in a coordinated fashion would conserve judicial resources, avoid needless duplication of

---

[5] Plaintiff cannot pretend that the Harvard Study and the HSC Anti-Dumping Complaints do not exist simply by modifying their complaint to remove any reference to them. While plaintiff may hope that this tactic may be enough to get Cliffstar past a motion to dismiss, in reality this Court may take judicial notice of those documents. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in deciding a motion to dismiss, the court may consider matters of which a court may take judicial notice); *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004) (a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"); *Magnum v. Archdiocese of Philadelphia*, 2006 WL 3359642, at *9 n. 11 (courts may consider items subject to judicial notice and matters of public record, including information available on verifiable websites, when evaluating motion to dismiss) (citations omitted)). But, in any event, it certainly would not be enough for it to get past summary judgment, and it makes little sense for the parties to engage in costly and laborious discovery if plaintiff's claims are doomed from the outset.

discovery, and provide this Court with the benefit of the Court of Appeals' analysis of plaintiffs' fraudulent concealment claims. *Bechtel Corp. v. Local 215*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."); *Dimensional Music Publishing, LLC v. Kersey*, 448 F.Supp. 2d 643, 656 (E.D. Pa. 2006) (Dubois, J.) (same) (citing *Bechtel*).

*Second*, plaintiff cannot credibly claim that it will be harmed by a stay. To the contrary, the only harm that will occur will be if a stay is not granted and defendants are forced to defend against these duplicative claims without definitive guidance from the Third Circuit. Cliffstar's own actions demonstrate that it is in no rush: it waited almost four years after the first aspartame-related action was filed and over a year after this Court's summary judgment decision to file this action. No depositions are scheduled, no discovery is pending; plaintiff has not even served all defendants. Moreover, plaintiff here is not alleging an on-going conspiracy or seeking injunctive relief to prevent future injury. Rather, plaintiff's claims are limited to treble damages for injuries it professes to have suffered during the period January 1, 1992 through December 31, 2003. Compl. ¶ 2. Those injuries, if any, are fixed in time and will not increase if plaintiff is made to wait a bit longer. In short, a stay of these proceedings will merely postpone briefing and discovery that may never be needed—something that benefits everyone involved.

*Finally,* the length of stay defendants seek is limited. The parties have engaged in the Court of Appeals' mandatory mediation procedures and defendants expect the court shortly to set a briefing schedule for the appeal. After the Third Circuit rules on the issues in *Aspartame*, the parties can return to this Court and seek appropriate guidance on how best to proceed. Moreover, if the Court wishes to guard against a lengthy stay, the parties can report to the Court on a periodic basis as to the progress of the appeals process. *SmithKline*, 2004 WL 1615307, at

*9 (concerns regarding a lengthy stay "can be lessened" by imposing periodic status reports to the court). Where, as here, the requested stay is of "moderate length, and not [] of indefinite duration," a stay is appropriate. *Cheyney*, 703 F.2d at 738 (citing *Landis,* 299 U.S. at 257).

## CONCLUSION

It would be a gross misuse of this Court's time and the parties' resources for this case to proceed while the *Aspartame* appeal is pending, as judicial and party resources will be wasted briefing and deciding issues that may ultimately be mooted or otherwise impacted by the appellate decision. Given that plaintiff will not be harmed during the time the matter is before the Court of Appeals, defendants respectfully request that the Court enter an Order staying this action until resolution of the appeal in the *Aspartame* case.

Dated: January 22 2010

Respectfully submitted,

/s/ Mark C. Cawley_____
Mark C. Cawley
SAUL EWING, LLP
1500 Market Street
38th Floor West
Philadelphia, PA 19102
(215) 972-7777
(215) 972-7725 – Facsimile
mcawley@saul.com

Michael R. Lazerwitz
Patricia M. McDermott
CLEARY, GOTTLIEB, STEEN
  & HAMILTON LLP
2000 Pennsylvania Avenue, N.W.
Suite 9000
Washington, DC 20006
(202) 974-1500
(202) 974-1999 – Facsimile
mlazerwitz@cgsh.com
pmcdermott@cgsh.com

*Counsel for Defendants Ajinomoto U.S.A., Inc. and Ajinomoto Food Ingredients LLC*

/s/ Lathrop B. Nelson, III_____
Richard L. Scheff
Lathrop B. Nelson, III
MONTGOMERY, MCCRACKEN, WALKER
  & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215) 772-7620 – Facsimile
rscheff@mmwr.com
lnelson@mmwr.com

Andrew S. Marovitz
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600
(312) 701-7711 – Facsimile
amarovitz@mayerbrown.com
bmiller@mayerbrown.com

*Counsel for Defendant Koninklijke DSM N.V.*

/s/ Carolyn H. Feeney_____
Carolyn H. Feeney
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
(215) 994-2222 – Facsimile
carolyn.feeney@dechert.com

David Marx
Amanda J. Metts
MCDERMOTT WILL & EMERY, LLP
227 West Monroe Street, Suite 3100
Chicago, IL 60606
(312) 372-2000
(312) 984-7700 – Facsimile
dmarx@mwe.com
ametts@mwe.com

*Counsel for Defendants J.W. Childs Associates L.P., Monsanto Company, The NutraSweet Company, NutraSweet Property Holdings, Inc.*

/s/ William H. Roberts_____
William H. Roberts
Jeremy A. Rist
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5500
(215) 569-5555 – Facsimile
roberts@blankrome.com
rist@blankrome.com

A. Paul Victor
Jeffrey L. Kessler
Aldo A. Badini
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
(212) 259-8000
(212) 259-6333 – Facsimile
pvictor@dl.com
jkessler@dl.com
abadini@dl.com

*Counsel for Defendant Tosoh Corporation*

# CERTIFICATE OF SERVICE

  I, Lathrop B. Nelson, III, hereby certify that on January 22, 2010, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF APPEAL**, to be filed and served electronically via the court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

              /s/ Lathrop B. Nelson, III

1499260