IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFSTAR CORPORATION | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AJINOMOTO COMPANY, INC., ET AL. | : | NO.  09-CV-03867-LDD |
| Defendants. | : | |

ORDER

AND NOW, this 9th day of November, 2010, upon consideration of Certain Defendants' Motion to Stay Pending Resolution of Appeal (Doc. No. 42) and Plaintiffs' opposition thereto (Doc. No. 52), it is hereby ORDERED that Defendants' motion is GRANTED.  This matter shall be stayed pending the United States Court of Appeals for the Third Circuit's resolution of the matter captioned In re Aspartame Antitrust Litigation, No. 09-1487 (3d Cir. docketed Feb. 26, 2009).  The Clerk of the Court is directed to (1) activate Doc. No. 42 so that it may be properly terminated pursuant to this Order; (2) place this action in the Civil Suspense File; and (3) mark the matter closed for statistical purposes.  Upon expiration of the stay, the parties shall promptly move for entry of an appropriate case management schedule, including a date by which Defendants must move, answer, or otherwise plead in response to the Complaint.

I.    FACTS AND PROCEDURAL BACKGROUND

On August 11, 2008, this Court granted summary judgement against plaintiffs Nog, Inc. and Sorbee International Ltd. in In re Aspartame Antitrust Litigation, Case No. 06-cv-1732, finding that Plaintiffs' horizontal antitrust conspiracy claims in that action were barred by the applicable four-year statute of limitations and that Plaintiffs had not met their burden of proving

fraudulent concealment. On February 19, 2009, the <u>Aspartame</u> Plaintiffs filed notice of appeal of this Court's determination with the Third Circuit Court of Appeals. Briefs have been filed in that appeal and request for oral argument has been made. See <u>Aspartame</u>, No. 09-1487 (3d Cir. docketed Feb. 26, 2009). On August 25, 2009, Plaintiff Cliffstar Corporation filed its complaint in the instant case alleging a conspiracy to fix, raise, maintain, and stabilize prices for Aspartame sold in the United States from January 1, 1992 through December 31, 2003. Defendants moved to stay the current matter pending resolution of the appeal of <u>Aspartame</u>, stating that "despite the pendency of an appeal that will address a critical issue in this case—namely, the viability of any claim of fraudulent concealment—plaintiff is pushing to move forward with the <u>Cliffstar</u> case and thereby force these defendants (and the Court) to again invest substantial time, money, and effort in litigating duplicative claims." (Defs.' Mem. at 2).

II.  DISCUSSION

Although "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," the exercise of this power calls for "judgment, which must weigh competing interests and maintain an even balance." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55 (1936); <u>see also</u> <u>Cheyney State Coll. Faculty v. Hufstedler</u>, 703 F.2d 732, 737-38 (3d Cir. 1983). Thus, in evaluating a motion to stay, courts consider three factors: (1) whether a stay will simplify issues or promote judicial economy; (2) the balance of harms to the parties should a stay be entered or not; and (3) the length of the requested stay. <u>Smithkline Beecham Corp. v. Apotex Corp.</u>, No. 99-cv-2926, 2004 WL 1615307, at *7 (E.D.Pa. July 26, 2004) (citing <u>Cheyney</u>, 703 F.2d at 737-38). These factors as applied to the present case weigh in favor of staying the proceedings pending resolution of <u>In re Aspartame Antitrust Litigation</u> in the Third Circuit Court

of Appeals.

Resolution of the pending appeal of the prior litigation is likely to simplify issues and promote judicial economy. A review of Appellants' brief in the Aspartame appeal reveals that the averred challenges go to the general legal bases upon which this Court relied in ruling on the fraudulent concealment issue. Appellants state the issue on appeal as:

> [w]hether the District Court erred in granting summary judgment for Defendants on statute of limitations grounds where the evidence failed to demonstrate, and the District Court did not find, that a reasonably diligent plaintiff would have uncovered an adequate basis for the complaint within the limitations period, and where the record is devoid of adequate "storm warnings" signaling claims and evidence that Plaintiffs were not reasonably diligent under the circumstances.

Br. on Behalf of Appellants Nog, Inc. & Sorbee Intl. Ltd. at 1 In re Aspartame Litigation, No. 09-1487 (3d Cir. filed Aug. 9, 2010). Appellants state further that "[t]he District Court erred in applying a subjective, rather than objective, test to Plaintiffs' claim of fraudulent concealment," and "[t]he District Court erroneously determined that high prices and reports of hyper-competitive behavior in the Aspartame market provided 'a certain degree of warnings with respect to the Aspartame market.'" (Id. at 11, 12.) Given the way Appellants frame the general issues to the Court of Appeals, it appears probable that the resolution of the matter will be instructive on, and will simplify, the statute of limitations issues that are certain to arise in the present case.

The balance of harms and potential length of stay also do not advise against granting a stay of this matter. As Defendants note, "plaintiff here is not alleging an on-going conspiracy or seeking injunctive relief to prevent future injury. Rather, plaintiff's claims are limited to treble damages for injuries it professes to have suffered during the period January 1, 1992 through December 31, 2003. Those injuries, if any, are fixed in time and will not increase if plaintiff is

made to wait a bit longer. " (Defs.' Mot. at 8.)   Plaintiffs counter that a delay will cause damage to their ability to fully investigate and collect evidence of the charged conspiracy.  Furthermore, Plaintiff states that there has been no briefing schedule imposed by the Third Circuit for the appeal—"[s]uch indefiniteness in terms of further delay . . . militates against granting a stay in this instance." (Pls.' Opp'n. at 6).   However, in the time that has passed since Defendants filed their motion to stay, briefs have been filed with the Third Circuit and request for oral argument has been made.  The fact that the case in the Court of Appeals is proceeding toward a resolution mitigates the potential harm and "indefiniteness" which might counsel against granting a stay of the pending matter.

III.    CONCLUSION

Plaintiffs argue that there are "material and significant difference between the complaints" that are "marked and obvious." (Pls.' Opp'n at 3).  This, however, does not rule out that there may also be material and significant similarities between the cases, and that the interests of fairness and judicial economy would be served by waiting to see how the Court of Appeals decides the issues before we address them in the case <u>sub judice</u>.  Accordingly, Defendants' motion to stay these proceedings pending the resolution of <u>In re Aspartame Litigation</u> before the U.S. Court of Appeals for the Third Circuit is GRANTED.

                                              BY THE COURT:

                                              /S/LEGROME D. DAVIS

                                              Legrome D. Davis, J